**In re ALITHOCHROME CORPORATION (a Corporation), Debtor.**

**ALITHOCHROME CORPORATION, Plaintiff,**

v.

**COLLECTORS' GUILD LTD., Defendant.**

**Bankruptcy No. 82 B 10335–36. Adv. No. 82 5783A.**

United States Bankruptcy Court, S.D. New York.

June 9, 1983.

Yost & O'Connell, Flushing, N.Y., for plaintiff-debtor.

Wiener, Zuckerbrot, Weiss & Brecher, New York City, for defendant Collectors' Guild Ltd.

EDWARD J. RYAN, Bankruptcy Judge.

## DECISION ON DEBTOR'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSE TO DOCUMENT DEMAND AND ON COLLECTORS' GUILD'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Debtor, Alithochrome Corporation (Alithochrome), moves this court for an order pursuant to Federal Rules of Civil Procedure (FRCivP) Rule 37(a)(2) compelling defendant, Collectors' Guild Ltd., to answer debtor's interrogatories and to respond to debtor's demand for production of documents and, pursuant to FRCivP Rule 37(d) imposing sanctions for defendant's failure thus far to answer and respond. For the reasons set forth below, debtor's motion is granted.

The underlying action was brought by Alithochrome to recover from Collectors' Guild the sum of $91,736.05 allegedly due and owing for catalogs sold and delivered by Alithochrome between July and October of 1981. The action was originally commenced in the New York State Supreme Court on January 26, 1982.

On February 19, 1982, Collectors' Guild counterclaimed to recover $119,400, allegedly paid on account to Alithochrome, and for damages in the amount of $2,500,000 arising out of Alithochrome's alleged breach of contract and breach of warranty.

On February 23, 1983, Alithochrome filed its voluntary petition under Chapter 11 of the Bankruptcy Code. Thereafter, on June 16, 1982, Alithochrome removed the New York Supreme Court case to this Court. Subsequent to removal, Alithochrome denied the material allegations of Collectors' Guild's counterclaim.

On November 5, 1982, Alithochrome served its interrogatories and demand for production of documents on counsel for Collectors' Guild. Prior to the filing by Alithochrome of its petition under Chapter 11, Collectors' Guild had noticed the deposition of Alithochrome, which deposition was scheduled for March 5, 1982. The deposition was stayed though, by the filing of the bankruptcy petition. After removal of the action to this court, Collectors' Guild made no effort to reschedule the deposition.

In view of Collectors' Guild's postpetition inaction, Alithochrome enclosed a letter with its interrogatories in which it offered to go forward with Alithochrome's deposition at a "mutually convenient" time and which requested Collectors' Guild to contact Alithochrome to schedule discovery. On December 15, 1982, Alithochrome sent another letter to Collectors' Guild and on December 22, 1982, still having received no response from Collectors' Guild, Alithochrome's counsel Mr. O'Connell, telephoned Mr. Rothfarb, counsel for Collectors' Guild. During this communication, Mr. Rothfarb

informed Mr. O'Connell that he would phone the latter after January 1, 1983 and would respond to the interrogatories and document demand before the end of January.

On January 7, 1983, Mr. O'Connell having heard nothing from Mr. Rothfarb, once again telephoned Rothfarb. At this point, Mr. Rothfarb stated that he was taking the position that the Bankruptcy Court lacks jurisdiction over the action and that, consequently, his client would neither answer the interrogatories nor respond to the document demand.

Collectors' Guild bases its motion to dismiss for lack of jurisdiction on *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (*Marathon*), and on the questionable validity of the current local emergency rule. It should be noted that Collectors' Guild has made no application in this or any court for a protective order regarding the discovery.

The initial question before this court is whether the court has jurisdiction after *Marathon,* and whether such jurisdiction can be based on the local Emergency Rule.

Since the expiration of the *Marathon* stay, the District Court in the Southern District of New York has been adjudicating bankruptcy cases and proceedings pursuant to a Uniform Emergency Rule which became effective in this district on December 25, 1982.

The Southern District of New York in *In re Gerald Kaiser,* 83 Civ. 1384 (S.D.N.Y., April 11, 1983), agreed with Judge Altemari's well-reasoned opinion in *Q1 Corporation v. Reichenstein,* 28 B.R. 647 (D.C.E.D. N.Y.1983), which upheld the validity and application of the Emergency Rule. Judge Altemari concluded that the district court had jurisdiction over bankruptcy matters, including related proceedings pursuant to Sections 404 and 405 of the Bankruptcy Reform Act of 1978 and 28 U.S.C. § 1471(a) and (b). The *Kaiser* Court went on to find that the referral power of the Emergency Rule of the District Court to bankruptcy judges was valid.

The Fifth Circuit, in a per curiam opinion, in *In Matter of Braniff Airways,* 700 F.2d 214 (5th Cir.1983), upheld the District Court's bankruptcy jurisdiction pursuant to § 1334 and § 1471(a) and (b) of Title 28 of the United States Code.

The Sixth Circuit in *White Motors Corporation v. Citibank, N.A., et al.,* 704 F.2d 254 (6th Cir.1983) also upheld the original bankruptcy jurisdiction of the District Court pursuant to § 1471(a) and (b) of Title 28. The Court also upheld the validity of the local emergency rule [1] at pages 15 and 16 of the opinion where the court stated:

> We hold that the interim rule does not violate Federal statutory and constitutional principles and does not conflict with the Supreme Court's ruling in *Northern Pipeline.* Rather, the rule adheres as closely as possible within the constitutional limitations announced in *Northern Pipeline,* to the structure of the bankruptcy system which Congress established in the 1978 Act.

The court, at page 18 of the opinion further stated:

> The interim rule does not violate the Constitution because the district courts retain primary jurisdiction over all bankruptcy proceedings. The bankruptcy courts have only derivative jurisdiction.

And finally, the court at page 20 of the opinion stated:

> We believe that the powers reserved by the district courts in the interim rule satisfy the Supreme Court's concern that Art. III courts adjudicate bankruptcy cases. The constitutional rights of the parties to a bankruptcy proceeding are not violated when the bankruptcy courts with derivative jurisdiction assist the district courts.

In the case at bar, the action appears to be one which is "related to [a case] under Title 11" and, as such falls within the juris-

---

1. The emergency rules held to be valid in the Fifth and Sixth Circuits are substantially identical to the emergency rule in effect in the Second Circuit.

diction of the District Court, pursuant to 28 U.S.C. § 1471(b).[2] Pursuant to § c(1) of the Emergency Rule,[3] this action has been properly referred to this bankruptcy court since it is a related proceeding under § (3)(A) of the Emergency Rule.[4]

In related proceedings, a bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge. Emergency Rule § d(3)(B).

■ The questions to which we now turn are whether Alithochrome is entitled to an order compelling Collectors' Guild to answer interrogatories and respond to the document demand and, if so entitled, whether sanctions can be imposed on Collectors' Guild for their failure thus far to comply. The determination of these questions is governed by the provisions of the Federal Rules of Civil Procedure.

FRCivP Rule 33[5] authorizes the service of interrogatories upon a party and provides that service of the answers and objections to such interrogatories shall be made within 30 days. Rule 34[6] similarly provides for the service of a document demand upon a party and requires that a response or objection be served within 30 days.

On November 5, 1982, Alithochrome properly served its interrogatories and docu-

**2.** The pertinent section of 28 U.S.C. § 1471 provides as follows:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11.

**3.** The pertinent part of the Emergency Rule is as follows:

(c) Reference to Bankruptcy Judges

(1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.

**4.** The pertinent part of Emergency Rule (3)(A) is as follows:

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate.

**5.** FRCivP Rule 33 in pertinent part provides:

(a) Any party may serve upon any other party written interrogatories to be answered by the party served .... Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer .... The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

**6.** FRCivP Rule 34 in pertinent part provides:

(a) Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; * * *.

(b) The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which even the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

ment demand under FRCivP Rules 33 and 34. Receiving no answers or objections from Collectors' Guild as of January 7, 1983, Alithochrome is entitled to an order compelling such answers and responses pursuant to FRCivP 37(a).[7]

In view of the fact that Collectors' Guild failed to move for a protective order[8] and chose to ignore Alithochrome's discovery demands, the court is empowered to impose sanctions as provided in Rule 37(a)(4) and 37(d) of the Federal Rules of Civil Procedure.

The reasonable expenses, including attorneys' fees incurred by Alithochrome in obtaining the within order directing Collectors' Guild to respond to discovery demands must be the subject of a further evidentiary hearing.

Collectors' Guild's motion to dismiss the proceeding for lack of jurisdiction is denied. Alithochrome's motion to compel answers to its interrogatories and responses to its document demand is granted.

Settle an appropriate order containing a provision for an evidentiary hearing on the issue of sanctions.

---

**7.** FRCivP Rule 37(a) in pertinent part provides:

(2) If ... a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request ....

**8.** FRCivP Rule 37(d) provides in pertinent part:

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

See also Notes of Advisory Committee on Rules.